IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANET MASON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-2491-L (BT) |
| | § | |
| STATE OF TEXAS, Et Al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Janet Mason filed a complaint under the Freedom of Information Act, 5 U.S.C. § 552. Plaintiff is proceeding *pro se,* and the Court granted her leave to proceed *in forma pauperis*. Defendants are the State of Texas, Barrack Obama, and the United States. The Court has not issued process pending judicial screening. For the following reasons, the complaint should be dismissed.

I.

Plaintiff states in her complaint that she seeks documents from Defendants to determine whether Defendants used doctors to "put illegals (sic) mics in my ears or teeth while I was unconscious in a dental

1

procedure." (ECF 3 at 1.) She claims the "mics" are destroying her health. She also requests attorney fees.

## II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's allegations are factually frivolous and are not rational or credible. *Grant v. U.S. Gov't*, 2014 WL 6685035, at *4 (E.D. Cal. Nov. 25, 2014) ("Plaintiff's claims that the Government implanted a

2

device in him can best be described as frivolous.")  Accordingly, the complaint should be dismissed.

### III.

The Court recommends that the complaint be dismissed under 28 U.S.C. §1915(e) as frivolous.

Signed October 16, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).